UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANRAJ S. GARCHA, | No. 2:19-cv-01547-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| CITY OF STOCKTON, et al., | |
| Defendants. | |

In this 42 U.S.C. § 1983 case making Fourth Amendment and related claims arising out of plaintiff's arrest, defendants move for summary judgment based on plaintiff's failure to timely respond to defendant's Requests for Admission and the resulting admissions that are fatal to plaintiff's case. For the following reasons, the court GRANTS defendants' motion.

I.  BACKGROUND

On January 2, 2018, plaintiff filed a complaint in state court alleging the following claims: (1) violation of § 1983 and the Fourth Amendment against the individual defendants based on officers' "warrantless, forcible entry into Plaintiff's home and the seizure of Plaintiff"; (2) violation of § 1983 against the City of Stockton based on a failure to train with respect to the use of bean bag shots; (3) violation of California Civil Code section 52.1(b); (4) false arrest; (5) false imprisonment; (6) intentional infliction of emotional distress; (7) negligence;

1

(8) invasion of privacy. Compl., ECF No. 1-1. On August 12, 2019, defendants removed the case to this court. Not. of Removal, ECF No. 1. The claims all arise out of one alleged event on December 4, 2016, when, according to plaintiff's complaint, defendants arrived at plaintiff's family home in Stockton, responded to a domestic disturbance call and attempted to arrest plaintiff. Compl. ¶ 18. In the course of the arrest, defendants allegedly shot plaintiff three times with "a Bean Bag shotgun," causing him injuries that required hospitalization. *Id.* ¶¶ 18–19.

On February 26, 2020, defendants filed the instant motion for summary judgment. Mot., ECF No. 10. The court scheduled the matter for hearing on June 26, 2020. ECF No. 11. On June 15, 2020, after the June 12 deadline to file an opposition had passed, defendant filed a notice of non-receipt of an opposition from plaintiff. ECF No. 12; *see* E.D. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date."). The court then vacated the hearing and submitted the matter. ECF No. 13. On June 23, plaintiff filed an opposition, Opp'n, ECF No. 14, without any explanation regarding its lateness, and defendants later objected to plaintiff's opposition, Obj., ECF No. 15. Given the importance of reaching the merits in a dispositive motion such as this one, the court hereby OVERRULES defendants' objection and considers plaintiff's untimely opposition in the interest of justice.

II.     LEGAL STANDARD

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[1]

---

[1] Rule 56 was amended, effective December 1, 2010. However, it is appropriate to rely on cases decided before the amendment took effect, as "[t]he standard for granting summary judgment remains unchanged." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment.

2

1  The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . . ; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts.").

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

A court may consider evidence as long as it is "admissible at trial." *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003). Admissibility at trial depends not on the evidence's form, but on its content. *Block v. City of L.A.*, 253 F.3d 410, 418–19 (9th Cir. 2001) (citing *Celotex Corp.*, 477 U.S. at 324).

III.  DISCUSSION

In their motion for summary judgment, defendants argue plaintiff failed to timely respond to defendants' first set of Requests for Admission, and therefore plaintiff has admitted

/////
/////
/////
/////
/////

3

the facts covered by the requests under Rule 36(a), which states:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

Fed. R. Civ. P. 36(a)(3); *see also Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment." (citation omitted)).

In his untimely opposition, plaintiff argues the court should deny defendants' motion for summary judgment because plaintiff did serve a timely response to defendants' first set of Requests for Admission. Opp'n at 1 (citing Cecchini Decl., ECF No. 14-3).

However, based on the declaration plaintiff includes with his opposition, an intern for plaintiff's counsel served plaintiff's responses on February 27, 2020, Cecchini Decl. ¶ 2, twelve days after the thirty-day deadline to respond, which was February 15, 2020, *see* Fed. R. Civ. P. 36(a)(3); Mot., Ex. A (Defs.' Req. for Admission), ECF No. 10-3, at 15 (proof of service dated January 16, 2020). There is no genuine dispute that plaintiff did not timely respond to the Requests for Admission.

"Due to the self-executing nature of Rule 36(a), the facts are deemed admitted without a motion for admissions." *Williams v. Ikea W. Sacramento*, No. 2:17-CV-00299-JAM-DB, 2018 WL 1015227, at *1 (E.D. Cal. Feb. 21, 2018) (citation omitted); *see also Conlon*, 474 F.3d at 621. "Once admitted, the matter 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission' pursuant to Rule 36(b)." *Conlon*, 474 F.3d at 621 (quoting Fed. R. Civ. P. 36(b)). Here, plaintiff has made no motion or request under Rule 36(b). Accordingly, as relevant to summary judgment, plaintiff has effectively admitted the following facts:[2]

---

[2] The court has omitted several "facts" included in defendants' request for admission, because they are improper requests for admissions or denials as to legal conclusions. *See Playboy Enters., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law."); *see, e.g.*, Defs.' Req. for

1       • On December 4, 2016, plaintiff's family called 911 requesting a police
2         response to their home, because plaintiff had a knife and had destroyed
3         property inside the home earlier that day. *See* Defs.' Req. for Admission No.
4         1.
5       • Plaintiff's father allowed Officers Morris and Torres inside the home in
6         question on December 4, 2016. *See* Defs.' Req. for Admission No. 2.
7       • Plaintiff assaulted Officer Torres while he was attempting to peacefully detain
8         plaintiff. *Id.* No. 4.
9       • Officer Torres did not provoke plaintiff's assault. *Id.* No. 5.
10      • Plaintiff actively and physically resisted Officer Morris and Torres' attempts to
11        arrest him. *Id.* No. 4 (plaintiff assaulted Officer Torres while he attempted to
12        detain plaintiff) & No. 16 (plaintiff admitted he intended to physically resist
13        Officers Morris and Torres during their attempt to detain him).
14      • After assaulting Officer Torres, plaintiff attempted to assault his family
15        members in the home. *Id.* No. 6.
16      • Officers Chase and Rubio were not present for and did not participate in the
17        incident at issue. *Id.* Nos. 14–15.
18      • Plaintiff's privacy was never invaded at any time during the incident by any
19        officer of the Stockton Police Department. *Id.* No. 19.
20      • Plaintiff did not experience any emotional distress or legal damages as a result
21        of the incident. *Id.* Nos. 21–22.
22      • Plaintiff's factual contentions in the complaint have no evidentiary support. *Id.*
23        No. 25.

24          In light of these admitted facts, and no evidence from plaintiff to the contrary,
25  plaintiff's claims cannot survive summary judgment. First, the officers entered the home with

---

27  Admissions at No. 3 ("Admit that upon Officer Morris' and Officer Torres' entry into the home
28  . . . the facts then known to them provided lawful authority for them to detain YOU.").

5

1  permission from plaintiff's family, so their entry did not violate the Fourth Amendment, *see*
2  *Illinois v. Rodriguez*, 497 U.S. 177, 181, (1990), and plaintiff further admits his privacy was not
3  invaded, thereby eliminating his invasion of privacy claim.  Second, the officers had reasonable
4  concern for officer safety based on the 911 call sufficient to detain plaintiff briefly to conduct an
5  investigatory frisk, *see United States v. Davis*, 530 F.3d 1069, 1082 (9th Cir. 2008); they also had
6  probable cause to arrest plaintiff based on assault on an officer," eliminating plaintiff's other
7  Fourth Amendment claim and false arrest claim, without evidence to support plaintiff's false
8  imprisonment claim.  *See Lacy v. Cty. of Maricopa*, 631 F. Supp. 2d 1183, 1194 (D. Ariz. 2008)
9  ("[I]f there was probable cause for any of the charges made . . . then the arrest was supported by
10 probable cause, and the claim for false arrest fails." (citation omitted)).

11            To the extent plaintiff alleges an excessive force claim based on the use of the
12 "Bean Bag shotgun," based on the facts of record, the officers' use of force was reasonable given
13 the threat to officer safety plaintiff posed by plaintiff's actively resisting arrest and assault on an
14 officer.  *See Deorle v. Rutherford*, 272 F.3d 1272, 1280 (9th Cir. 2001) (bean bag shot is a
15 significant level of force permissible "only when a strong governmental interest compels the
16 employment of such force"); *cf. Glenn v. Washington Cty.*, 673 F.3d 864, 875 (9th Cir. 2011)
17 (finding use of bean bag shotgun not reasonable, in part because, "[s]ignificantly, [plaintiff] did
18 not attack the officers or anyone else, nor did he threaten to do so at any point while officers were
19 on the scene" (internal quotation marks and citation omitted)).  Without evidence to the contrary,
20 any excessive force claim cannot survive summary judgment.

21            In light of this finding, plaintiff's *Monell* claim against the City of Stockton must
22 also fail.  Plaintiff presents no evidence to create a genuine dispute of fact regarding whether the
23 City of Stockton had a policy resulting in the failure to properly train or supervise officers on the
24 proper use of "Bean Bag Shotguns."  *See* Compl. ¶¶ 30–33; *Monell v. Dep't of Soc. Servs.*,
25 436 U.S. 658, 694 (1978) (A municipality may be held liable under § 1983 "when execution of a
26 government's policy or custom, whether made by its lawmakers or by those whose edicts or acts
27 may fairly be said to represent official policy, inflicts the injury . . . ."). An isolated incident, as
28 /////

here, is insufficient to establish a *Monell* claim.  *See Bauer v. City of Pleasanton*, No. 3:19-CV-04593-LB, 2020 WL 1478328, at *5 (N.D. Cal. Mar. 26, 2020).

Plaintiff's Bane Act claim is based on allegations that defendants violated plaintiff's rights under the U.S. Constitution and the California Constitution.  Compl. ¶ 36.  However, plaintiff offers no evidence to create a genuine dispute of material fact regarding whether any of these violations took place, but rather only allegations in an unverified complaint.  *See Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) (Section 52.1 "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by 'threats, intimidation, or coercion.'" (citation omitted)).  Accordingly, plaintiff's Bane Act claim must also fail.

Finally, plaintiff's admission that he has not suffered emotional distress eliminates his false arrest intentional infliction of emotional distress claim, and his admission as to legal damages eliminates his negligence claim, which requires damages, *Cisco Sys., Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887, 895 (N.D. Cal. 2014) (damages is an element necessary for cognizable negligence claim in California).

IV.   CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion for summary judgment.

This order resolves ECF No. 10.  The Clerk is directed to CLOSE the case.

IT IS SO ORDERED.

DATED:  August 19, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE